CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    FAX: (415) 436-6982
    nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 25-00027-CRB AGT) |
|     Plaintiff, | |
|   v. | [PROPOSED] **ORDER OF DETENTION PENDING FINAL HEARING ON ALLEGATIONS OF VIOLATIONS OF SUPERVISED RELEASE** |
| JOSHUA JOSE BERNAL, | |
|     Defendant. | |

Defendant Joshua Jose Bernal appeared before the Court upon a petition containing allegations that he violated the terms and conditions of supervised release ("Form 12"). *See* ECF No. 22.

The United States moved for Mr. Bernal's detention pending the final disposition of the allegations against him. The Court held a hearing and received proffers and argument from counsel for the government and counsel for the defendant on the issue of detention and what conditions, if any, would reasonably assure the appearance of the defendant as required and the safety of the community. The Court considered those proffers and arguments, information from the defendant's supervising probation officer, as well as the information contained in the Form 12.

Under Federal Rule of Criminal Procedure 32.1(a)(6), the Court must release or detain a person who is alleged to have violated conditions of supervised release pursuant to Title 18, United States Code,

ORDER OF DETENTION
CR 25-00027 CRB (AGT)                                             1

Section 3143(a)(1).  Under Section 3143(a)(1), the judicial officer conducting the hearing "shall order" that the person be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released. The defendant bears the burden of demonstrating that he will not flee or pose a danger to any other person or to the community.  Fed. R. Crim. P. 32.1(a)(6).

This written order supplements the Court's findings and oral order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

In addition to those findings made on the record in open Court on April 22, 2026, the Court makes the following findings. There is probable cause to believe that on at least  March 14, 2025, May 4, 2025, September 29, 2025, and November 5, 2025, Mr. Bernal used fentanyl in violation of the terms and conditions of his supervised release. Moreover, the current Form 12 alleges that in January 2026, Mr. Bernal failed to provide his supervising probation officer with evidence that he was attending inpatient drug treatment and also failed to report a change in his address, both violations of the conditions of his supervised release.  On February 19, 2026, the probation officer visited Mr. Bernal at his last known address; a resident of that address advised that he did not live there. As of February 26, 2026, the U.S. Probation Office was unaware of his whereabouts.

On February 27, 2026, the district court ordered the issuance of an arrest warrant for Mr. Bernal. In April 2026, Mr. Bernal was arrested by the San Francisco Police Department and alleged to have committed a narcotics-related crime.

In light of the foregoing, the Court finds that the defendant has not shown by clear and convincing evidence that he will not flee or pose a danger to any other person or the community.

\*       \*       \*

For these reasons, pursuant to Title 18, United States Code, Section 3142(i),

IT IS HEREBY ORDERED that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense

counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this __22nd__ day of April, 2026.

_____
THE HONORABLE ALEX G. TSE
UNITED STATES MAGISTRATE JUDGE

ORDER OF DETENTION
CR 25-00027 CRB (AGT)                 3